**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sylvester WILLIAMS, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Velster John FORTE, Defendant-Appellant.**

**Nos. 20823, 20824.**

United States Court of Appeals,
Sixth Circuit.

April 19, 1971.

Daniel G. Hanrahan, Memphis, Tenn., for appellant Williams.

Robert W. Andrews, Memphis, Tenn., for appellant Forte.

Kemper Durand, Memphis, Tenn. (Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MILLER and KENT, Circuit Judges.

PER CURIAM.

These are appeals from convictions by a jury verdict after separate trials. Each defendant was convicted under each of two counts of a Two-Count Indictment, each count of which referred to a different car.

A Memphis police officer while on patrol took the license number of a 1969 Buick automobile which was parked in front of Unit 12 of a Memphis motel. After a computer check through the Na-

tional Crime Information Center (NCIC), it was determined that the automobile had been stolen from Chicago. When the officer returned to the motel the vehicle was gone and the occupants of Unit 12 were away from the motel. A "stake-out" was set up and four hours later, when one woman and two men arrived in a 1960 Chevrolet, all three were arrested. The two defendants were taken to the police station, the woman was taken out to identify the 1969 Buick, which had been abandoned on the street. She identified the vehicle and gave the police information about the defendants' use of the vehicle. She also informed the Memphis police that the defendants had had a 1968 Oldsmobile in their possession and showed the police where it was parked. Upon checking, the police found that the Oldsmobile had been stolen from the same location and at about the same time that the Buick was stolen. After all this information was in the hands of the police statements were taken from the defendants, each of whom denied having participated in the theft of either automobile.

Appellants claim that the officers did not have probable cause to arrest them, and that all evidence obtained thereafter was "the fruit of the poisoned tree."

■■ This Court is satisfied that the position of the appellants is not well taken. A number of witnesses, whose names were not obtained from the appellants, testified in regard to the use of the automobiles by the appellants. The statements taken from the appellants were taken several hours after the police had independent information in regard to their association with the stolen vehicles. We are satisfied that Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), is not applicable. There was sufficient evidence to justify the jury's conclusion that each of the appellants was involved in the theft and transportation of each of the automobiles.

For the reasons herein stated the judgments of conviction are affirmed.